IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHANIE L. CAPALBO, et al., § § § Plaintiffs, § § § v. § § ARGOSY EDUCATION GROUP, § INC., d/b/a ARGOSY UNIVERSITY, § EDUCATION MANAGEMENT § CORPORATION, and § MARILYN POWELL-KISSINGER, § § Defendants. § | CIVIL ACTION NO. 09-01800 **JURY DEMANDED** |

**BRIEF IN SUPPORT OF DEFENDANT MARILYN
POWELL-KISSINGER'S MOTION TO DISMISS**

Defendant Marilyn Powell-Kissinger ("Dr. Powell-Kissinger") files this brief in support of her motion to dismiss the claims brought against her by Plaintiffs Stephanie L. Capalbo, Charles Cavett, Candice Conner, Linda Derby-Irby, Adami A. Gabriel, Sherry Haferkamp, Deborah E. Horn, Christina Marrero-Howieson, Ieshiea D. Jarmon, Tonna Pate, Joyce A. Phillips-Sanders, Claudia Ramirez, Lo'Lita Robbins, Amy Skeen-Anderson, and Patricia Stokes (collectively "Plaintiffs") for failure to state a claim and for failure to plead purported fraud-based claims with particularity.

**INTRODUCTION**

Plaintiffs have brought this fraud and DTPA action based on a university's alleged representations that it was making efforts to achieve accreditation by the American Psychological Association ("APA") of its doctoral program in clinical psychology. Defendant Argosy Education Group, Inc. ("Argosy") operates several campuses and post-secondary

education institutions, including one in Dallas, which is generally referred to as Argosy University of Dallas. *See* Pls. Pet. at 4. Plaintiffs seek to assert claims against one of the university's former school officials, Dr. Marilyn Powell-Kissinger, in an effort to deprive Argosy of its right to a federal forum.[1]

Dr. Powell-Kissinger is entitled to the dismissal of Plaintiffs' DTPA and fraud claims because Plaintiffs make *no allegations whatsoever* that she herself made any misrepresentations to them. Indeed, the only references to Dr. Powell-Kissinger in Plaintiffs' thirty-paragraph Petition tell us that she is a party to the case and a former school official. In the remaining three references, Plaintiffs allege that unnamed "representatives" and "officials" of the school made misrepresentations to them, and they note in passing that these representatives and officials "includ[ed] Powell-Kissinger." But nothing in the Petition ever specifies which specific school official or representative said what to whom, when it was said, where it was said, or what role if any Dr. Powell-Kissinger played. As a result, the Petition makes no cognizable allegations of wrongdoing against Dr. Powell-Kissinger, and Plaintiffs' claims must be dismissed.

## ARGUMENT AND AUTHORITIES

Under Rule 12(b)(6), the Court may dismiss a cause of action for failure to state a claim upon which relief may be granted. While all factual allegations must be construed in Plaintiffs' favor, the allegations must, at a minimum, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

---

[1] Defendants Argosy and Dr. Powell-Kissinger filed their Notice of Removal on September 25, 2009, removing this case to federal court based on diversity jurisdiction.

Labels and conclusions are not sufficient. *Twombly*, 550 U.S. at 555. Nor is a complaint that contains "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557; *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, No. 3:08-CV-0261-L, 2008 WL 4449508, at *6 (N.D. Tex. Sept. 30, 2008) (Lindsay, J.) ("While a complaint need not contain detailed factual allegations, it must set forth 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*).

Indeed, as recently held by the Supreme Court in *Iqbal*, the Court need not accept as true either a complaint's legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, the complaint allegations must have "facial plausibility . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausible claim thus requires more than a "sheer possibility" that the defendants acted unlawfully. *Id*. If the factual allegations fail to meet this standard, the claims must be dismissed. *Id*. at 1950; *see also, e.g.*, *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (affirming the dismissal of a complaint for failure to state a claim under the standards announced in *Twombly*); *Vernon v. City of Dallas*, No. 3:08-CV-1068-B, 2009 WL 2486033, at *1-2 (N.D. Tex. Aug. 13, 2009) (dismissing an action for failure to state a claim, citing both *Twombly* and *Iqbal*); *Energytec, Inc. v. Proctor*, No. 3:06-CV-0871-L, 2008 WL 4131257, at *2, 7-8 (N.D. Tex. Aug. 29, 2008) (Lindsay, J.) (dismissing claims under 12(b)(6) and 9(b), citing *Twombly* standards).

Because Plaintiffs' allegations involving Dr. Powell-Kissinger lack the requisite "facial plausibility" required by Rule 12(b)(6), they should be dismissed.

## I. Dr. Powell-Kissinger Should Be Dismissed Because Plaintiffs Fail to State a *Single* Factual Allegation Against Her

Plaintiffs' Petition is devoid of any factual allegations of wrongdoing with respect to Dr. Powell-Kissinger. In the more than thirty paragraphs of Plaintiffs' Petition, Dr. Powell-Kissinger is mentioned by name only in passing and not with regard to any alleged misrepresentations. She is listed under the introductory "Parties" section and when describing the positions she allegedly held at the University. *See* Pls. Pet. at 3-4. In the remaining few instances, Plaintiffs simply roll Dr. Powell-Kissinger into references of unidentified persons, such as "agents," "officials," and "representatives" without alleging any misrepresentations by Dr. Powell-Kissinger. *See id*. at 5, 6, 9. Indeed, Plaintiffs mention Dr. Powell-Kissinger only in connection with alleged, but unspecified, representations of Argosy. *See, e.g., id*. at 5 ("In fact, in November 2005 Argosy represented . . . ."), 6 ("The November 28, 2006 student newsletter, for example, . . . .").

While not naming Dr. Powell-Kissinger directly, the Petition also improperly groups her with unidentified "Defendants," but fails to allege any specific representation by Dr. Powell-Kissinger. *See, e.g*., Pls. Pet. at 7 ("School officials displayed . . . ."), *see also id*. at 7 ("Based on Defendants' misrepresentation . . . ."), 8 (Defendants' misrepresentations . . . ."). This collective lumping together of the defendants is not sufficient to support a claim against Dr. Powell-Kissinger. "In order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations . . . ." *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotations omitted). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556 n.3. Here, none of Plaintiffs' broad allegations assert any facts relating to Dr.

4

Powell-Kissinger that would, at a minimum, give her notice of the grounds against her or provide a factual basis from which to proceed. *See Lone Star Fund*, 2008 WL 4449508, at *11 ("Because the court determines that Defendants have not made *any* misrepresentation, let alone a material misrepresentation, all of Plaintiffs' claims fail as a matter of law and that allegations set forth in Plaintiffs' amended complaint fail to set forth sufficient facts to state a claim to relief that is plausible on its face.").

Finally, Dr. Powell-Kissinger's status as president of the university during a brief period of time well after the Plaintiffs had enrolled in the school is not enough by itself to give rise to a claim of fraud or a claim under the DTPA. The allegations must instead state with particularity misrepresentations that Dr. Powell-Kissinger herself made. Because Plaintiffs' allegations fail to do so, their claims against Dr. Powell-Kissinger must fail. *See Baars v Campbell Univ., Inc.*, 558 S.E.2d 871, 878-79 (N.C. Ct. App. 2002) (dismissing claims against university president where plaintiffs failed to allege wrongdoing by the president as an individual and the complaint described only actions by the president as done "on behalf of" the university, which was not sufficient); *cf. Byrd v. Lamar*, 846 So. 2d 334, 343 (Ala. 2002) ("We recognize that the president of any institution is the highest authority within that institution and that he or she bears the responsibility for managing the operation of the institution. However, without substantial evidence indicating that [the president] himself made misrepresentations to [plaintiff] or that he approved the alleged misrepresentations in the [school] catalog, [plaintiff's] fraud claim against [the president] must fail.").

Thus, even taking all of the allegations in the Petition as true, Plaintiffs are not entitled to relief from Dr. Powell-Kissinger because Plaintiffs have failed to allege any wrongdoing by her.

## II.   Plaintiffs Fail to Plead Claims Based on Fraud With Particularity as Required under Rule 9(b)

Plaintiffs' claims against Dr. Powell-Kissinger also fail under the pleading requirements set forth in Rule 9(b). That rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In applying Rule 9(b), the Fifth Circuit adheres strictly to the standard set forth therein, requiring that the plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); *see also Oblio Telecom, Inc. v. Patel*, No. 3:08-CV-0279-L, 2009 WL 1650481, at *5 (N.D. Tex. June 10, 2009) (Lindsay, J.) ("Plaintiff fails to identify any fraudulent statement, when such a statement was made, the speaker, or the content of any such statement. Accordingly, its fraud claim is not pleaded with the particularity required by Rule 9(b). Therefore, the court determines that Plaintiff has failed to state a claim for fraud."). The stringent requirements of Rule 9(b) apply to all claims based on alleged false representations, including deceptive trade practices claims. *See Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) ("claims alleging violations of the DTPA are subject to the requirements of 9(b)").

Plaintiffs have failed to plead either of their fraud-based claims against Dr. Powell-Kissinger with particularity as required by Rule 9(b). As discussed, Plaintiffs failed to specify a single false representation made by Dr. Powell-Kissinger, much less the time, place or the specific content of such alleged statement. Further, Plaintiffs' allegations are nothing more than a generic grouping of Dr. Powell-Kissinger with faceless "representatives," "officials," and other blanket references to "Defendants." Such unattributed allegations of fraud are insufficient. For example, in a recent Northern District of Texas case, the court admonished the plaintiffs for

6

"rely[ing] heavily on group allegations that fail to specify which members of the group engaged in the alleged conduct" because "[i]t is well established that 'general allegations, which do not state with particularity what representations *each defendant* made, do not meet [the particularity] requirements' of Rule 9(b)." *Biliouris v. Sundance Res. Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008) (quoting *Unimobile 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986)); *see also Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001) ("general allegations, which lump all defendants together failing to segregate the alleged wrongdoing of one from those of another do not meet the requirements of Rule 9(b)").

Plaintiffs have totally failed to provide Dr. Powell-Kissinger or this Court with any meaningful details in support of their allegations of fraudulent misrepresentations. Their Petition contains no specific allegations regarding the place where the alleged misrepresentations were made by Dr. Powell-Kissinger, the method by which she communicated such alleged misrepresentations (such as by phone, email, fax, letter, or in person), the specific content of the alleged misrepresentations, or the specific persons to whom she made the alleged misrepresentations. Therefore, Plaintiffs' fraud-based claims do not comply with Rule 9(b) and should be dismissed.

## CONCLUSION

For the foregoing reasons, Dr. Powell-Kissinger respectfully requests that she be dismissed from the instant litigation for failure to state a claim for which relief can be granted and for failure to plead purported fraud-based claims with particularity.

Date:  October 2, 2009　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Karen Gren Johnson
　　　　　　　　　　　　　　　　　　　　Karen Gren Johnson
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 08441725
　　　　　　　　　　　　　　　　　　　　Attorney-in-Charge
　　　　　　　　　　　　　　　　　　　　kgjohnson@jonesday.com
　　　　　　　　　　　　　　　　　　　　Jerome R. Doak
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 05913600
　　　　　　　　　　　　　　　　　　　　jrdoak@jonesday.com
　　　　　　　　　　　　　　　　　　　　Monica M. Brown
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24001324
　　　　　　　　　　　　　　　　　　　　monicambrown@jonesday.com
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　2727 N. Harwood Street
　　　　　　　　　　　　　　　　　　　　Dallas, Texas  75201-1515
　　　　　　　　　　　　　　　　　　　　Telephone:  (214) 220-3939
　　　　　　　　　　　　　　　　　　　　Facsimile:  (214) 969-5100

　　　　　　　　　　　　　　　　　　　　COUNSEL FOR DEFENDANT
　　　　　　　　　　　　　　　　　　　　DR. MARILYN POWELL-KISSINGER

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October, 2009 a true and correct copy of the foregoing document was served on the following known counsel via electronic filing:

>Julie E. Johnson
>State Bar No. 10758900
>jjohnson@vanweyjohnson.com
>Van Wey & Johnson, L.L.P.
>3100 Monticello Avenue, Suite 500
>Dallas, Texas  75205
>Phone: (214) 265-7600
>Fax:    (214) 265-7626

>/s/ Karen Gren Johnson

DLI-6272947v3

9